13-4073
*Patrick R. Smith v. Westchester County Department of Corrections, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

---

PATRICK R. SMITH,

*Plaintiff*,

MICHAEL A. DEEM,

*Appellant*,

-v.-                                        No. 13-4073

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, CORRECTION OFFICER GOTTLOB, WARDEN AMICCUCI,

CORRECTIONS OFFICER RENNALLS, #643,
EMERGENCY RESPONSE TEAM, SERGEANT
JOHN DOE,

*Defendants-Appellees.*[*]

---

FOR APPELLANT:        MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen,
                      NY

FOR APPELLEES:        JUSTIN R. ADIN, Senior Assistant County Attorney, *for*
                      Robert F. Meehan, Westchester County Attorney, White
                      Plains, NY.

---

Appeal from the United States District Court for the Southern District of
New York (Shira A. Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED**.

Appellant Michael A. Deem appeals from orders dated September 16,

2013, and October 10, 2013, by the United States District Court for the Southern

District of New York (Scheindlin, J.) that imposed sanctions pursuant to Rule 11

of the Federal Rules of Civil Procedure and pursuant to the district court's

inherent authority to manage its own affairs. *See Smith v. Westchester Cnty. Dep't*

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to
conform with the caption above.

2

*of Corrections*, No. 07 Civ. 1803(SAS), 2013 WL 5192751 (S.D.N.Y. Sept. 16, 2013).

A district court's decision to impose sanctions pursuant to Rule 11 or its inherent authority is reviewed for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (Rule 11); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (inherent authority). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Rule 11 permits sanctions against a litigant who submits a pleading or motion that, evaluated "under an objective standard of reasonableness, . . . [has] no chance of success and [makes] no reasonable argument to extend, modify or reverse the law as it stands." *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) (internal citation and quotation marks omitted). A court's inherent authority permits it to impose sanctions where an attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith,

*i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer*

*Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).

Here, after the district court denied his request to file a Second Amended

Complaint adding a new defendant after nearly five years of litigation, Deem

filed a motion for reconsideration with no chance of success that the district court

reasonably determined to have been filed in bad faith. Without elaboration,

Deem's motion asserted that defense counsel had admitted the unavailability of a

logbook to constitute "intentional or reckless spoliation"; alleged that defense

counsel had made "repeated misstatements to the Court"; and concluded that

the purported spoliation warranted a negative inference that the defendant

named in the proposed Second Amended Complaint had been on constructive

notice that he might be included in the litigation. The motion offered no legal

analysis and no explanation of how the purportedly spoliated evidence bore on

notice or could warrant an inference against a nonparty.

In light of all the circumstances, we conclude that the district court did not

abuse its discretion in determining that the motion was made in bad faith, had

no chance of success, and warranted sanctions. We have considered all of

4

Appellant's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk